**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-50478 |
| Plaintiff-Appellee, | D.C. No.<br>3:13-cr-01122-JLS-1 |
| v. | |
| CHERY GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted June 9, 2016
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and EATON,** Judge.

Chery Gonzalez ("Gonzalez") was convicted by a jury in federal district

court for importation of methamphetamine into the United States in violation of 21

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Richard K. Eaton, Judge for the U.S. Court of International Trade, sitting by designation.

U.S.C. §§ 952 and 960. Gonzalez appeals the judgment of conviction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** The district court did not abuse its discretion by denying Gonzalez's motion to compel discovery of *all* "unknowing courier" evidence in the possession of the United States. "To obtain discovery under Rule 16, a defendant must make a prima facie showing of materiality." *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present *facts* which would tend to show that the Government is in possession of information helpful to the defense." *Id.* (emphasis added). Here, Gonzalez provided no information or evidence linking the facts in this case to any "unknowing drug courier" cases she identified (e.g., advertisements in Mexican newspapers, magnets, money smuggling, duplicate keys, or GPS tracking devices), despite repeated requests by the district court to do so. And the district court *did* rule that "if the government has any information in its possession linking the prior owner of the vehicle or the mechanic to known drug trafficking organizations which utilize [unknowing drug couriers], then that information would be discoverable." There was no such information.

**2.** The district court did not err by admitting the TECS data. The admission of the TECS data did not violate the Confrontation Clause because that data was not "testimonial," i.e., the "primary purpose" of the data was not to "create an out-of-court substitute for trial testimony." *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015). The primary purpose of TECS data is simply to provide an administrative record of who is entering the United States. The TECS records are made before and irrespective of any criminal case that might arise from a person's entry into the United States. "Where no [testimonial] primary purpose exists, the admissibility of a statement is the concern of state and federal rules of evidence, not the Confrontation Clause." *Id.* Also, Agent Pham, witness for the government, properly laid the foundation to admit into evidence the TECS data, and we have routinely held that TECS data is admissible under the public records hearsay exception in FRE 803(8). *See, e.g.*, *United States v. Orozco*, 590 F.2d 789, 794 (9th Cir. 1979); *United States v. Gutierrez-Castro*, 341 F. App'x 299, 300-01 (9th Cir. 2009).

**3.** The district court did not err in holding that Gonzalez did not establish "good cause" to excuse her untimely motion to suppress evidence seized from her cell phone, when Gonzalez filed such motion for the first time two weeks *after* she was convicted. A motion to suppress is untimely if it is not filed before the

3

deadline set by the court, and may be considered only if the "party shows good cause." Fed. R. Crim. P. 12(c)(3). Gonzalez's argument that she lacked timely pre-trial notice that the government was going to use data from her phone as evidence is meritless because the record shows she *did* know before trial that the government intended to use evidence seized from her cell phone at trial, yet she still made no motion to suppress. Additionally, that after Gonzalez's conviction the U.S. Supreme Court filed an opinion in *Riley v. California*, 134 S. Ct. 2473 (2014), holding that warrantless cell phone searches could not be upheld under the "search incident to arrest" exception to the warrant requirement, does not constitute "good cause" to excuse Gonzalez's late-filed motion to suppress. *Id.* at 2485. Here, the government has never relied on the search-incident-to-arrest exception to the warrant requirement to justify its search of Gonzalez's cell phone, but rather relies on the well-established border search exception to the warrant requirement. *See United States v. Cotterman*, 709 F.3d 952, 957 (9th Cir. 2013) (en banc) (quoting *United States v. Ramsey*, 431 U.S. 606, 621 (1977)). *Riley* did not address border searches, and expressly acknowledged that "even though the search incident to arrest exception does not apply to cell phones, other case-specific exceptions may still justify a warrantless search of a particular phone." *Id.* at 2494.

4

Thus, *Riley* does not provide sufficient justification to excuse Gonzalez's untimely filing of her motion to suppress.

**4.** The district court did not abuse its discretion by admitting summary charts of Gonzalez's telecommunications and the TECS data. We have held that summary evidence is admissible if "the underlying materials upon which the summary is based (1) are admissible and (2) were made available to the opposing party for inspection." *United States v. Aubrey*, 800 F.3d 1115, 1130 (9th Cir. 2015). Here, the underlying TECS data were admissible as against a hearsay objection as public records, and Gonzalez did not object to the admissibility of the evidence seized from her telephone. And this voluminous underlying evidence was provided to Gonzalez in discovery.

**5.** Gonzalez has waived any claim that the district court abused its discretion in finding that her prior California felony conviction for identity theft was admissible for impeachment purposes under FRE 609(a)(1)(B), *see Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994), thus mooting her argument that the district court abused its discretion in finding that her prior conviction was also admissible under FRE 609(a)(2). Even if this argument was not waived, the district court did not abuse its discretion in ruling that Gonzalez's prior conviction was admissible for impeachment purposes under FRE 609(a)(1)(B). *See United States v.*

5

*Martinez-Martinez*, 369 F.3d 1076, 1088 (9th Cir. 2004). The district court considered the applicable factors, and ruled: "Given the importance of defendant's testimony and the centrality of her credibility, should she choose to testify, the balance of the applicable factors weigh in favor of admission of her prior felony conviction for impeachment purposes under 609(a)(1)." This moots Gonzalez's argument that the district court abused its discretion in also ruling that her prior conviction would be admitted for impeachment purposes under FRE 609(a)(2). *See Garcia v. Lawn*, 805 F.2d 1400, 1402 (9th Cir. 1986) ("The test for mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

**6.** There was no prejudicial plain error in the prosecutor's examination of Agent Pham or in the prosecutor's closing argument. On redirect, Agent Pham testified that Gonzalez "had lied to us on several occasions, and based on my experience she's not credible." Gonzalez made no objection or motion to strike with a request for an admonition to the jury to this testimony below. Agent Pham's testimony came up on redirect only to counter the impression from Gonzalez's cross-examination that Agent Pham neglected further investigation of Gonzalez's story without sound rationale. We have held that it is error to elicit "one witness's opinion of the credibility of *another witness's* extrajudicial

6

statements." *United States v. Sanchez*, 176 F.3d 1214, 1221 (9th Cir. 1999) (emphasis added); *United States v. Sanchez-Lima*, 161 F.3d 545, 548 (9th Cir. 1998). The underlying rationale is that "[i]t is the jurors' responsibility to determine credibility by assessing the witnesses and witness testimony in light of their own experience." *Sanchez-Lima*, 161 F.3d at 548 (internal quotation marks omitted). But here, the rationale underlying *Sanchez-Lima* is not applicable, as Gonzalez never testified. As such, the jury was not tasked with evaluating Gonzalez's credibility, and Agent Pham's testimony did not impinge on that jury function. And even assuming the prosecutor's questioning constituted error, Gonzalez cites to no on-point authority as to establish that such error is "plain." *See United States v. Gonzalez Becerra*, 784 F.3d 514, 518 (9th Cir. 2015) ("An error is plain if it is clear or obvious under current law. An error cannot be plain where there is no controlling authority on point . . . ."). Furthermore, Gonzalez makes no argument in her brief that eliciting Agent Pham's testimony affected her substantial rights or the fairness, integrity, or reputation of judicial proceedings. *See United States v. Vonn*, 535 U.S. 55, 62-63 (2002) (placing burden on the defendant-appellant to demonstrate the existence of the third and fourth prongs of plain error review).

7

The government's closing argument that compared Gonzalez's life patterns before (she had not gone to Mexico in the nine months previous) and after (she crossed the border six times January through March 2013) she bought the car she used to cross the border was a permissible characterization of the evidence admitted at trial. *See United States v. Macias*, 789 F.3d 1011, 1023 (9th Cir. 2015) ("Prosecutors have considerable leeway to strike hard blows based on the evidence and all reasonable inferences from the evidence." (internal quotation marks omitted)).

**7.** The district court did not plainly err by failing to give a jury instruction sua sponte on dual role expert/lay testimony regarding Agent Pham's testimony. During trial, Gonzalez did not object to the absence of a jury instruction on dual role expert/lay testimony. In *United States v. Vera*, 770 F.3d 1232, 1235 (9th Cir. 2014), we held that when a law enforcement officer provides both expert testimony and lay opinions based on his investigation of the defendant's wrongful conduct, the jury must be instructed "on how to evaluate [appropriately] each form of testimony offered by the officer." But here, Agent Pham was not qualified or presented as an expert witness and did not testify as an expert witness. Agent Pham testified about the substance of his post-arrest interview with Gonzalez, his investigation of the TECS data that recorded Gonzalez's prior border crossings,

and how he compiled Gonzalez's telecommunications data into a summary chart. Since Agent Pham did not testify as an expert witness, the rationale underlying *Vera* is inapplicable to this case, and there was no plain error in the district court's failure to *sua sponte* instruct the jury how to evaluate dual role testimony of a percipient witness who also testified as an expert.

There was no cumulative error.

**AFFIRMED.**



FILED

AUG 04 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***U.S. v. Gonzalez,*** **Case No. 14-50478**
**Rawlinson, Circuit Judge, concurring:**

    I concur in the result.